STATE OF NORTH CAROLINA
v.
ROBERTO SILVA HABANA
No. COA09-41
Court of Appeals of North Carolina
Filed August 4, 2009
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General John W. Congleton, for the State.
J. Clark Fischer for defendant-appellant.
BRYANT, Judge.
Defendant Roberto Silva Habana ("defendant") appeals from the trial court's denial of his motion to suppress evidence. We affirm.

Facts
On 26 August 2008, the trial court conducted a pretrial hearing on defendant's motion to suppress. The evidence presented at the suppression hearing tended to establish the following: At 2:00 a.m., on 9 December 2007, Officer Tony Nance of the Jonesville Police Department was assisting Corporal Monty Wolfe of the Elkin Police Department with a vehicle stop in Jonesville's business district. Corporal Wolfe had followed a vehicle from Elkin to Jonesville and had issued a citation to the driver. The two officers were sitting in Corporal Wolfe's vehicle when they observed a green Acura drive past them. Defendant was driving the Acura and no one else was in the vehicle.
After the vehicle passed, Corporal Wolfe asked Officer Nance if Officer Nance "wanted an easy driving while license revoked." Corporal Wolfe told Officer Nance that the driver of the Acura was William Lopez, whom Wolfe knew did not have a license. At the hearing, Corporal Wolfe explained that he had arrested defendant for disorderly conduct approximately one month prior to the incident on 9 December 2007. However, on cross-examination, Corporal Wolfe agreed that the disorderly conduct arrest could have occurred prior to November 2007. He also admitted that he did not know the reason for defendant's license revocation. He believed that the revocation was indefinite, but was not certain.
After receiving the information from Corporal Wolfe, Officer Nance decided to follow defendant, but he did not activate his blue lights. Officer Nance observed defendant make a wide, abrupt right turn. Defendant then parked his car in the roadway such that it was blocking oncoming traffic, exited the car, and began walking away. After defendant exited the car, Officer Nance activated his blue lights. Defendant looked back at Officer Nance, but kept walking. Officer Nance then yelled "police" and ordered defendant to stop, but defendant kept walking.
Officer Nance then ran after defendant, and defendant finally stopped. According to Officer Nance, defendant acted like he did not understand Officer Nance, but defendant did tell Officer Nance that he did not have a driver's license. Defendant denied driving the vehicle and indicated that "Parmella" was the driver. Defendant eventually produced a North Carolina identification card in the name of Roberto Habana.
Officer Nance testified that defendant had a strong odor of alcohol. Corporal Wolfe joined Officer Nance after finishing his case, and he also testified that defendant had a strong odor of alcohol. Corporal Wolfe subsequently matched a Surry County jail photo of William Jeffrey Lopez with defendant. Additionally, on cross-examination, Officer Nance testified that he had prior involvement with defendant related to a domestic disturbance call.
Defendant filed a motion in limine to suppress any evidence from the seizure of defendant conducted by Officer Nance on the grounds that Officer Nance did not have a reasonable and articulable suspicion that criminal activity was afoot. Following the hearing, the trial court denied defendant's motion to suppress and made corresponding findings of fact and conclusions of law. Defendant entered a plea of no contest to habitual impaired driving and reserved his right to appeal the denial of his motion to suppress.
At sentencing, the trial court found the existence of one mitigating factor and found that the factors in mitigation outweighed the factors in aggravation. The trial court imposed a sentence of 12 to 15 months active imprisonment, which was in the mitigated range for defendant's Class F felony and prior record level of II. After careful review, we find no error.
On appeal, defendant contends that the trial court erred in denying his motion to suppress. We disagree.
"Our review of a trial court's denial of a motion to suppress is strictly limited to a determination of whether it's findings are supported by competent evidence, and in turn, whether the findings support the trial court's ultimate conclusion." State v. Allison, 148 N.C. App. 702, 704, 559 S.E.2d 828, 829-30 (2002) (citing State v. Cooke, 306 N.C. 132, 134, 291 S.E.2d 618, 619 (1982)). Here, defendant does not challenge any findings of fact on appeal. Therefore, the trial court's findings of fact are deemed to be supported by competent evidence and are binding on appeal. See State v. Roberson, 163 N.C. App. 129, 132, 592 S.E.2d 733, 735-36, disc. review denied, 358 N.C. 240, 594 S.E.2d 199 (2004). Accordingly, we review the trial court's order to determine only whether the findings of fact support the conclusion that the circumstances surrounding Officer Nance's stop of defendant was justified.
It is well established that a brief investigatory stop of an individual by a law enforcement officer does not violate the Fourth Amendment where the stop is "justified by `a reasonable suspicion, based on objective facts, that the individual is involved in criminal activity.'" State v. Watkins, 337 N.C. 437, 441, 446 S.E.2d 67, 70 (1994) (quoting Brown v. Texas, 443 U.S. 47, 51, 61 L. Ed. 2d 357, 362 (1979)). Our Supreme Court has explained that an investigatory stop "must be based on specific and articulable facts, as well as the rational inferences from those facts, as viewed through the eyes of a reasonable, cautious officer, guided by his experience and training." Watkins, 337 N.C. at 441-42, 446 S.E.2d at 70 (1994) (citations omitted). The Court "must consider `the totality of the circumstances  the whole picture' in determining whether a reasonable suspicion" exists. Id. at 441, 446 S.E.2d at 70 (quoting United States v. Cortez, 449 U.S. 411, 417, 66 L. Ed. 2d 621, 629 (1981)). However, the reasonable suspicion standard "is a `less demanding standard than probable cause and requires a showing considerably less than preponderance of the evidence.'" State v. Barnard, 362 N.C. 244, 247, 658 S.E.2d 643, 645 (2008) (quoting Illinois v. Wardlow, 528 U.S. 119, 123, 145 L. Ed. 2d 570, 576 (2000)). "The only requirement is a minimal level of objective justification, something more than an "unparticularized suspicion or hunch." Watkins, 337 N.C. at 442, 446 S.E.2d at 70 (quoting United States v. Sokolow, 490 U.S. 1, 7, 104 L. Ed. 2d 1, 10 (1989)).
In the instant case, the trial court made the following conclusions of law, determining that Officer Nance had reasonable and articulable suspicion which justified the seizure of defendant:
The factors considered by the Court in making this conclusion[] are, first, that [Corporal Wolfe] had prior knowledge that the defendant's driver's license was in a state of suspension and probably the suspension was permanent.
The defendant made an abrupt wide turn, which was observed by the officer that seized the defendant. The defendant parked his vehicle in a manner in which it was blocking oncoming traffic.
The Court, in considering the totality of the circumstances, has determined that a reasonable articulable suspicion existed in the mind of the officer such as to justify his detaining and seizing the defendant.
In the instant case, Officer Nance, in part, relied on the information provided by Corporal Wolfe to justify the stop of defendant. We note that it is proper for an officer who is conducting an investigatory stop to rely on information from another officer. See State v. Battle, 109 N.C. App. 367, 370-71, 427 S.E.2d 156, 159 (1993). However, because Corporal Wolfe admitted that the information may have been several months old, defendant contends that the information is stale and therefore could not form the basis of a reasonable and articulable suspicion. Even assuming arguendo that Corporal Wolfe's information was stale, defendant has overlooked the requirement that we must consider the totality of the circumstances surrounding the stop. See, e.g., Watkins, 337 N.C. at 441, 446 S.E.2d at 70. Regardless of when Corporal Wolfe learned of defendant's suspension, he believed the suspension to be indefinite, making the age of the information irrelevant.
Moreover, several other circumstances gave rise to Officer Nance's reasonable suspicion, and we do not view the factors justifying a seizure in isolation. "[A] court must ascertain whether all of the circumstances taken together amount to reasonable suspicion." Barnard, 362 N.C. at 250, 658 S.E.2d at 647 (emphasis in original) (internal citations omitted); see also State v. Crenshaw, 144 N.C. App. 574, 577, 551 S.E.2d 147, 150 (2001) (noting that "[i]ndividually, any of the factors cited [in a Terry stop] might not justify a search, but one cannot piecemeal this analysis") (internal quotation omitted)). First, defendant made an abrupt, wide turn. While the turn itself did not violate any traffic laws, it certainly contributed to Officer Nance's suspicion. Second, defendant parked his car in such a manner that it was blocking traffic. Finally, defendant exited the car, looked back at Officer Nance, and kept walking. From defendant's behavior, one can infer that defendant was trying to flee from Officer Nance, which is relevant to the reasonable suspicion analysis. Based on the foregoing, we conclude that Officer Nance had a reasonable articulable suspicion which justified the investigatory stop of defendant. Accordingly, we affirm the trial court's denial of defendant's motion to suppress.
Affirm.
Chief Judge MARTIN and Judge ELMORE concur.
Report per Rule 30(e).