STATE OF NORTH CAROLINA v. DONALD DALE COOKE

No. 151A81

(Filed 2 June 1982

1. Searches and Seizures §§ 10, 13— search of suitcase—absence of warrant, consent or probable cause

     The trial court's conclusion that a search of defendant's suitcase at an airport was unlawful was supported by the court's findings that defendant and a companion became separated at the airport; the companion had in his possession his own and defendant's suitcases; officers requested the companion to permit a search of both suitcases; the companion told the officers he could not give them permission to search defendant's suitcase; the officers searched both suitcases and found LSD and Quaaludes in defendant's suitcase; and the officers did not have a warrant or permission to conduct said search.

2. Searches and Seizures §§ 15, 43— search of suitcase—contention of abandonment—failure to raise in trial court

     The State's contention that defendant abandoned a suitcase by denying its ownership and leaving it with officers without returning to claim it and that he thereby forfeited any reasonable expectation of privacy regarding its contents so that a warrantless search of the suitcase was lawful will not be considered on appeal where the State failed to raise such issue at the suppression hearing in the trial court.

APPEAL by the State pursuant to G.S. 7A-30(2), of the decision of the Court of Appeals (*Judge Becton*, with *Judge Whichard* concurring, and *Judge Robert Martin* dissenting) reported at 54 N.C. App. 33, 282 S.E. 2d 800 (1981). The Court of Appeals affirmed the order entered by *Burroughs, Judge*, at the 8 February 1980 Criminal Session of Superior Court, MECKLENBURG County.

Defendant was charged in an indictment, proper in form, with felonious possession of Lysergic Acid Diethylamide (LSD) in violation of G.S. 90-95, the Controlled Substances Act.

Prior to trial, defendant made a motion to suppress physical evidence of the LSD tablets on the ground that it was obtained

pursuant to an unlawful, warrantless search and seizure of his suitcase at Douglas Municipal Airport in Charlotte, North Carolina. The officers involved and defendant's travelling companion testified at the subsequent suppression hearing. Upon its evaluation of this testimony, the trial court granted defendant's motion and entered an order for suppression of the challenged evidence. That order provided as follows:

> [T]he Court hearing evidence presented by Officer D. R. Harkey, Agent J. A. Davis and Richard K. Turney, makes the following findings of facts:
>
> 1. That the defendants Donald Dale Cooke and Richard Kenneth Turney flew into the Douglas Municipal Airport at Charlotte on October 29, 1979.
>
> 2. That each of the defendants had in his possession a suitcase and that the suitcase of the defendant Cooke contained a quantity of lysergic acid diethylamide.
>
> 3. That the defendants Cooke and Turney became separated for some period of time and that the defendant Turney had in his possession both of the suitcases when he was approached by Officer D. R. Harkey of the Charlotte Police Department, and Agent J. A. Davis of the State Bureau of Investigation.
>
> 4. That the officers made a request of the defendant Turney to search the suitcases in his possession and that defendant Turney gave them permission to search his suitcase but stated to the officers that he could not give them permission to search the suitcase belonging to the defendant Cooke.
>
> 5. That the officers proceeded to search both suitcases and found in defendant Cooke's suitcase a quantity of lysergic acid diethylamide and Quaaludes.
>
> 6. That the officers did not have in their possession a warrant nor did they have permission to conduct said search.
>
> Based upon the foregoing findings of fact, the Court concludes as a matter of law that the search of the suitcase of the defendant Cooke was unlawful as the officers did not have consent, probable cause or a warrant.

IT IS NOW, THEREFORE, ORDERED, ADJUDGED AND DECREED that the motion of the defendant Cooke to suppress the evidence consisting of lysergic acid diethylamide and Quaalude is hereby granted.

Record at 16. [The State only took exception to the fourth finding of fact, the single conclusion of law and the trial court's entry of the order.]

The State appealed from the suppression order in accordance with the provisions of G.S. 15A-979(c) and 15A-1445(b). The Court of Appeals held that "the trial court's suppression order was correct and supported by the evidence." 54 N.C. App. at 45, 282 S.E. 2d at 809. As a consequence, the State now appeals to this Court.

*Attorney General Rusus L. Edmisten, by Special Deputy Attorney General, Richard N. League, for the State.*

*Lyle J. Yurko, J. Marshall Haywood, James H. Carson, Jr., for the defendant-appellee.*

COPELAND, Justice.

We affirm the trial court's entry of an order against the State suppressing the evidence seized from defendant's suitcase.

The Court of Appeals correctly noted that the scope of appellate review of an order such as this is strictly limited to determining whether the trial judge's underlying findings of fact are supported by competent evidence, in which event they are conclusively binding on appeal, and whether those factual findings in turn support the judge's ultimate conclusions of law. 54 N.C. App. at 35, 282 S.E. 2d at 803; *see State v. Thompson,* 303 N.C. 169, 277 S.E. 2d 431 (1981); *State v. Gray,* 268 N.C. 69, 150 S.E. 2d 1 (1966), *cert. denied,* 386 U.S. 911, 87 S.Ct. 860, 17 L.Ed. 2d 784 (1967); 4 Strong's N.C. Index 3d §175 (1976). Indeed, an appellate court accords great deference to the trial court in this respect because it is entrusted with the duty to hear testimony, weigh and resolve any conflicts in the evidence, find the facts, and, then based upon those findings, render a legal decision, in the first instance, as to whether or not a constitutional violation of some kind has occurred. As Justice Higgins stated, in *State v. Smith,* 278 N.C. 36, 41, 178 S.E. 2d 597, 601, *cert. denied,* 403 U.S. 934, 91 S. Ct. 2266, 29 L. Ed. 2d 715 (1971), the trial judge:

sees the witnesses, observes thier demeanor as they testify and by reason of his more favorable position, he is given the responsibility of discovering the truth. The appellate court is much less favored because it sees only a cold, written record. Hence the findings of the trial judge are, and properly should be, conclusive on appeal if they are supported by the evidence.

[1] Our full and careful review of the record in the instant case convinces us that more than enough evidentiary support existed therein for the findings of fact made by Judge Burroughs, and it is equally plain that his legal conclusion was properly based upon, and entirely consistent with, those findings. In addition, we find no constitutional error in the judge's conclusion "that the search of the suitcase of the defendant Cooke was unlawful."

The governing premise of the Fourth Amendment is that a governmental search and seizure of private property unaccompanied by prior judicial approval in the form of a warrant is *per se* unreasonable unless the search falls within a well-delineated exception to the warrant requirement involving exigent circumstances. *Robbins v. California*, 453 U.S. 420, 101 S. Ct. 2841, 69 L. Ed. 2d 744 (1981); *Terry v. Ohio*, 392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968); *Katz v. United States*, 389 U.S. 347, 88 S. Ct. 507, 19 L.Ed. 2d 576 (1967); *accord State v. Allison*, 298 N.C. 135, 257 S.E. 2d 417 (1979); *State v. Cherry*, 298 N.C. 86, 257 S.E. 2d 551 (1979), *cert. denied*, 446 U.S. 941, 100 S.Ct. 2165, 64 L. Ed. 2d 796 (1980). Hence, when the State seeks to admit evidence discovered by way of a warrantless search in a criminal prosecution, it must first show how the former intrusion was exempted from the general constitutional demand for a warrant. *Chimel v. California*, 395 U.S. 752, 89 S.Ct. 2034, 23 L. Ed. 2d 685 (1969); *United States v. Jeffers*, 342 U.S. 48, 72 S.Ct. 93, 96 L. Ed. 59 (1951). In other words, an unlawful search does not become lawful simply because of the incriminating discoveries made thereby. *State v. McCloud*, 276 N.C. 518, 173 S.E. 2d 753 (1970); *see* 68 Am. Jur. 2d Searches and Seizures § 35 (1973).

In the case at bar, Judge Burroughs was called upon, as are we, to decide the reasonableness of the warrantless search and seizure in light of its individual attendant facts and circumstances. *State v. Boone*, 293 N.C. 702, 239 S.E. 2d 459 (1977). We

shall not debate the facts which he found and by which we are bound. It suffices to say that the State did not fulfill its burden, *at the suppression hearing*, of demonstrating with particularity a constitutionally sufficient justification for the officers' search of defendant's suitcase absent his consent or a duly obtained warrant *after it was under their exclusive dominion and control.* *Arkansas v. Sanders*, 442 U.S. 753, 99 S.Ct. 2586, 61 L. Ed. 2d 235 (1979); *United States v. Chadwick*, 433 U.S. 1, 97 S.Ct. 2476, 53 L. Ed. 2d 538 (1977); *United States v. Presler*, 610 F. 2d 1206 (4th Cir. 1979). Moreover, it appears that the State essentially waived any challenge in this regard by failing to enter an appropriate exception and a specific assignment of error in the record to Judge Burroughs' critical finding of fact that the officers had neither a warrant nor consent to search (number six, *supra*). Rule 10, N.C. Rules of Appellate Procedure. The natural and necessary implications of that finding were that the circumstances of the case were not "covered" by *any* exception to the Fourth Amendment and that only a warrant or defendant's consent could have authorized the officers' actions. Thus, as a practical matter, this finding supported Judge Burroughs' conclusion of law and entry of the suppression order, almost by itself. If the State was indeed then relying upon some other constitutional theory or exception to justify the search, it should have preserved a direct, substantive objection to the all-inclusive nature of finding of fact number six.

[2] Nevertheless, the State presently attempts to do in this Court what it failed to do at the suppression hearing in the trial court, *i.e.*, justify this warrantless search on the ground that the protection of the Fourth Amendment does not apply. The State now contends that defendant abandoned the suitcase, by denying its ownership and leaving it with the officers without returning to claim it, and that he thereby forfeited any reasonable expectation of privacy regarding its contents. This may well be. *See Rakas v. Illinois*, 439 U.S. 128, 99 S.Ct. 421, 58 L. Ed. 2d 387 (1978); *State v. Jones*, 299 N.C. 298, 261 S.E. 2d 860 (1980). However, the State's argument is advanced much too late to afford it benefit on appeal.

It would clearly be unfair to the defendant for us either to consider this contention on the record as it stands, for we cannot determine the necessary underlying matters of fact, or to allow

the State a gratuitous second chance to develop a theory of abandonment, in opposition to the formerly contested motion to suppress, by remanding to the trial court for further hearing, findings of fact and conclusions of law upon the issue. We note that the United States Supreme Court has also reached such a conclusion upon very similar facts. *Steagald v. United States*, 451 U.S. 204, 208-11, 101 S.Ct. 1642, 1645-47, 68 L.Ed. 2d 38, 43-45 (1981). Moreover, any other holding would certainly seem to be incongruous and conflict with our analogous decision in *State v. Hunter*, 305 N.C. 106, 112, 286 S.E. 2d 535, 539 (1982), in which we said the following:

> The theory upon which a case is tried in the lower court must control in construing the record and determining the validity of the exceptions. Further, a constitutional question which is not raised and passed upon in the trial court will not ordinarily be considered on appeal. *State v. Dorsett*, 272 N.C. 227, 158 S.E. 2d 15 (1967); *State v. Grundler*, 251 N.C. 177, 111 S.E. 2d 1 (1959), *cert. denied*, 362 U.S. 917, 4 L. Ed. 2d 738, 80 S.Ct. 670 (1960).

> Our examination of this record discloses that defendant did not attack the admission of his confession into evidence on the ground that he was illegally arrested or "picked up." The gravamen of his motion was the voluntariness of the confession and his challenge was based upon coercion. The evidence, the findings of the court, and the ruling of the court were obviously based on this theory.

> A defendant, represented by counsel, cannot sit silently by at trial and object to the admission of evidence for the first time on appeal., *See State v. Richardson*, 295 N.C. 309, 326-27, 245 S.E. 2d 745, 765 (1978).

> . . . [W]hen a confession is challenged on other grounds which are not clearly brought to the attention of the trial judge, a specific objection or explanation pointing out the reason for the objection or motion to suppress is necessary. *State v. Richardson, supra.* In order to clarify any misunderstanding about the duty of counsel in these matters, we specifically hold that when there is no objection to the admission of a confession or a motion to suppress a confession, counsel must specifically state to the court before voir dire

evidence is received the basis for his motion to suppress or for his objection to the admission of the evidence.

The basic rationale of *Hunter* applies equally well here. [What is sauce for the goose is sauce for the gander.] There is no affirmative indication in the record that the State intended to, or tried to, rely upon defendant's lack of an expectation of privacy in the suitcase to defeat his Fourth Amendment claim at the suppression hearing in the lower court. In addition, the record does not disclose any type of objection or protest by the State to the trial court's references in its order to the subject matter of the search as "*defendant Cooke's* suitcase" and "the suitcase of the *defendant Cooke.*" (Emphases ours). Such characterizations would, of course, be entirely inconsistent with a finding that defendant Cooke had abandoned both the suitcase and his corresponding constitutional claim thereto. In sum, the State has "abandoned" the argument.

For the reasons stated, the decision of the Court of Appeals is affirmed. Judge Burroughs' order to suppress the evidence seized from defendant's suitcase shall remain in full force and effect.

Affirmed.

Justice CARLTON concurs in result.