IN THE MATTER OF KEITH WHITLEY

No. COA94-1302

(Filed 16 April 1996)

### 1. Searches and Seizures § 82 (NCI4th)— search of respondent—reasonable suspicion to justify search

There was reasonable suspicion to justify an officer's patdown search of respondent juvenile where officers had received a phone call indicating two black males were selling drugs on a certain street; upon arriving at the scene to investigate, the officers found two black males standing in the location where the drugs were purportedly being sold; when an officer approached respondent, he noticed respondent's legs were very tight; and these facts gave rise to a reasonable suspicion that respondent might be armed, dangerous, and involved in criminal activity and justified the officer's search of respondent.

**Am Jur 2d, Searches and Seizures §§ 51, 78.**

### 2. Searches and Seizures § 80 (NCI4th)— item seized from respondent's person—incriminating character immediately apparent

There was no merit to respondent's contention that the incriminating character of the item seized from his person was not immediately apparent to the officer and the trial court erred in allowing it into evidence, since the officer asked respondent to spread his legs; when he complied an item fell onto the officer's hand through respondent's pants; and based upon his personal experience as a law enforcement officer, the officer immediately believed that it was some type of illegal substance.

**Am Jur 2d, Searches and Seizures §§ 51, 78.**

**Law enforcement officer's authority, under Federal Constitution's Fourth Amendment, to stop and briefly detain, and to conduct limited protective search of or "frisk," for investigative purposes, person suspected of criminal activity—Supreme Court cases. 104 L. Ed. 2d 1046.**

Appeal by respondent from juvenile order signed 24 August 1994 by Judge Richard G. Chaney in Durham County Juvenile Court. Heard in the Court of Appeals 12 September 1995.

**IN RE WHITLEY**

[122 N.C. App. 290 (1996)]

*Gregory L. Hughes for respondent-appellant.*

*Attorney General Michael F. Easley, by Associate Attorney General Sondra C. Panico, for the State.*

McGEE, Judge.

A juvenile petition was filed pursuant to N.C. Gen. Stat. § 7A-517(12) alleging respondent to be delinquent "in that in Durham County on or about July 5, 1994, the juvenile unlawfully, willfully and feloniously did possess with intent to sell and deliver a controlled substance, namely 3.2 grams of cocaine . . . ." A hearing was held during the 23 August 1994 Juvenile Session of the District Court of Durham County with Judge Richard G. Chaney presiding.

The evidence at trial established that on the afternoon of 5 July 1994 Durham law enforcement officers Hector Borges and Reese Carson responded to a call that drug sales were occurring between two black males on Merrick Street. Upon arriving at the scene, the officers observed respondent and another individual under a tree. The officers approached these two individuals, stated that they were responding to a drug complaint, and "asked [the individuals] to spread their legs because we were going to do a Terry stop in reference to any weapons that they might have on them . . . ."

Officer Carson patted down one individual while Officer Borges conducted a pat down on respondent. During respondent's search, Officer Borges stated that respondent's "lower body, his legs were really tight" so he asked respondent to spread his legs. When respondent complied with this request, Officer Borges testified that "an item fell on my hand through his pants, which with my personal experience as a law enforcement officer, gave me the probable cause to believe that it was some type of illegal substance." Officer Borges explained that his hands were outside of respondent's trousers, in the bottom, crotch area of respondent's pants when the item fell from respondent's buttocks into his pants. When Officer Borges felt the item fall on his hand, he held it in one hand and put his other hand into respondent's pants and retrieved the item. After observing that the item he retrieved was "a plastic bag with a white powdered substance," Officer Borges placed respondent under arrest.

At the 23 August 1994 hearing, respondent was found guilty of simple possession of a Schedule II controlled substance, in violation of N.C. Gen. Stat. § 90-95(a) (3), and he was placed on juvenile probation for one year. From this order, respondent appeals.

IN RE WHITLEY

[122 N.C. App. 290 (1996)]

Respondent brings forward two issues in his appeal. He first contends the police conducted an improper pat down search in violation of the Fourth and Fourteenth Amendments to the United States Constitution and Article I, § 20 of the North Carolina Constitution. Additionally, he argues the trial court committed reversible error in allowing the introduction of evidence obtained as a result of this improper search because the incriminating character of the item seized was not immediately apparent to the officer and therefore, it exceeded the scope of the search. We disagree and affirm the trial court.

I.

[1] A governmental search of private property without a warrant "is *per se* unreasonable unless the search falls within a well-delineated exception to the warrant requirement involving exigent circumstances." *State v. Cooke*, 306 N.C. 132, 135, 291 S.E.2d 618, 620 (1982). One of the exceptions to the warrant requirement is a pat-down search conducted pursuant to *Terry v. Ohio*, 392 U.S. 1, 20 L. Ed. 2d 889 (1968). In *Terry*, the Court held that when a police officer observes unusual behavior which leads him to conclude, in light of his experience, that criminal activity may be occurring and that the person may be armed and dangerous, the officer is permitted to conduct a pat-down search to determine whether the person is carrying a weapon. *Terry v. Ohio*, 392 U.S. 1, 30-31, 20 L. Ed. 2d 889, 911 (1968). However, "[a] brief investigative stop of an individual must be based on specific and articulable facts as well as inferences from those facts, viewing the circumstances surrounding the seizure through the eyes of a reasonable and cautious police officer on the scene, guided by his experience and training." *State v. Allen*, 90 N.C. App. 15, 25, 367 S.E.2d 684, 689 (1988).

In the case before us, we find there was reasonable suspicion to justify the officer's search of respondent. The officers had received a telephone call indicating two black males were selling drugs on Merrick Street. Upon arriving at the scene to investigate, the officers found two black males standing in the location where the drugs were purportedly being sold. Further, Officer Borges testified that when he approached respondent, he noticed respondent's legs were very tight. When viewed through "the eyes of a reasonable and cautious police officer," the telephone call, later corroborated once the officers arrived at the scene, coupled with the nervous body reflexes of respondent are articulable facts which gave rise to a reasonable suspicion that respondent might be armed, dangerous and involved in criminal activity and justified the officer's search of respondent.

## II.

[2] The scope of a search conducted pursuant to *Terry v. Ohio* is limited. The purpose "is not to discover evidence of crime, but to allow the officer to pursue his investigation without fear of violence." *State v. Beveridge*, 112 N.C. App. 688, 693, 436 S.E.2d 912, 915 (1993) (quoting *Adams v. Williams*, 407 U.S. 143, 145, 32 L. Ed. 2d 612, 617 (1972)), *temp. stay denied*, 335 N.C. 560, 441 S.E.2d 105, *affirmed*, 336 N.C. 601, 444 S.E.2d 223 (1994). If the search exceeds the limits reasonable in ascertaining whether the suspect is armed, then the evidence discovered as a result of the search is inadmissible. *Id.* However, in cases where the police officer is conducting a lawful pat down search for weapons and he discovers contraband, it is proper for the officer to seize the item discovered. In *State v. Wilson*, 112 N.C. App. 777, 437 S.E.2d 387 (1993), we quoted the United States Supreme Court as saying:

> If a police officer lawfully pats down a suspect's outer clothing and feels an object whose contour or mass makes its identity immediately apparent, there has been no invasion of the suspect's privacy beyond that already authorized by the officer's search for weapons; if the object is contraband, its warrantless seizure would be justified by the same practical considerations that inhere in the plain view context.

*Wilson*, 112 N.C. App. at 780, 437 S.E.2d at 388 (quoting *Minnesota v. Dickerson*, 113 S.Ct. 2130, 2137, 124 L. Ed. 2d 334, 346 (1993)).

In this case, the incriminating character of the evidence seized was immediately apparent to the officer. Officer Borges testified he asked respondent to spread his legs and when he complied, "an item fell on [Borges'] hand through [respondent's] pants, which with my personal experience as a law enforcement officer, gave me the probable cause to believe that it was some type of illegal substance." There is no additional testimony that Borges manipulated the material to determine if the object was contraband or that he performed a search that was not permitted under *Terry*.

We find the *Terry* search was lawfully conducted and the evidence seized during the stop was properly admitted into evidence.

Affirmed.

Judges MARTIN, JOHN C. and WALKER concur.