The Deputy Commissioner made the ultimate determination that plaintiff did not suffer an injury at work, based in part on his findings that plaintiff failed to report an accident to his supervisor and the owner of the company, or during his first appointment with his treating physician twelve days later. These findings were credibility determinations, based on the hearing Deputy's perception of conflicting evidence, which are typically entitled, in my view, to great deference on review by the Full Commission because of the superior opportunity of the "trial judge" to evaluate the evidence. State v. Cooke, 306 N.C. 132,291 S.E.2d 618 (1982); Johnson v. Freightliner Corp., I.C. No. 911956, 4 January 1994. However, in this instance, the hearing deputy misapprehended the owner's testimony and the significance of a portion of the medical testimony in a way that clearly cast doubt, in his mind, on the veracity of plaintiff's testimony that he discussed a workplace injury with the owner, his supervisor, and on the initial visit to Dr. Craven. When he first saw the plaintiff on February 2, 1993, Dr. Craven noted totally disabling symptoms (Depo. of Dr. Craven at p. 20), but not the peroneal nerve damage that he diagnosed on their next visit. Although he was repeatedly invited to conclude from that that the peroneal nerve problem did not exist at the time of the first appointment, or that the symptoms were not reported, he hesitated to do so, and finally responded on redirect that, "this exam, the first time, is just not adequate, and I don't know why." Depo. of Dr. Craven pps. 21-23 and 27.
Clearly, there was a fall at work. Tr. pps. 51-52 and 59-60. Plaintiff worked only one more day, and the evidence does not contradict his testimony that he did so in pain. Tr. pps. 52 and 65. The plaintiff's testimony does not conflict with the owner's (Tr. pps. 34 and 86-88), and is even largely reconcilable with his supervisor's. Tr. pps. 10-11, 27, 31-34, 73-74 and 82. In light of plaintiff's ongoing knee problems, and the fact that plaintiff himself had not decided at that point to go see his doctor, it is not surprising that, nearly two years later, Mr. Cavenaugh recalled only complaints of flu from their post-accident conversation. Tr. pps. 34, 72 and 82-83. Our task would be easier if this construction worker had been an assiduous communicator, but that has no bearing on his right to compensation, since actual notice was given. N.C.G.S. § 97-22. Careful review of the evidence reveals that its greater weight supports the plaintiff's claim, and consequently, I CONCUR.
 S/ _______________________________ J. RANDOLPH WARD COMMISSIONER