STATE OF NORTH CAROLINA
v.
JAMES DANIEL ARAZIE.
No. COA08-166
Court of Appeals of North Carolina
Filed August 19, 2008
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Charles E. Reece, for the State.
Bryan Gates, for defendant-appellant.
WYNN, Judge.
After a defendant has invoked his constitutional right to counsel, interrogation of that defendant may commence again if the defendant reinitiates the conversation and knowingly and intelligently waives his right to counsel.[1] Here, as found by the trial court, Defendant James Daniel Arazie made an inculpatory statement to the police after satisfying both of these conditions. Accordingly, we find no error and affirm the trial court's denial of Defendant's motion to suppress his confession.
Defendant was arrested on 28 August 2006 for robbery with a dangerous weapon. At that time, Defendant told Detective G.T. Burris of the Stanly County Sheriff's Department that he did not want to speak with anyone until he got an attorney; Detective Burris said that he understood and told Defendant to get in touch with him if he changed his mind. Defendant received a court-appointed attorney on the following day. On 5 September 2006, Defendant filled out an inmate request form, writing that he would like "to talk to a detective so that we could set up a time to talk with my lawyer Jim Phillips, wife Lisa Arazie, Detective Burris and myself James Arazie."
The Stanly County Detention Facility notified Detective Burris of Defendant's request to speak to him, and Detective Burris spoke to Defendant, who indicated that he wished to speak about the alleged robbery. After repeatedly informing Defendant that he could not speak to him without his attorney present, and offering to meet with him again when both his wife and attorney could be there, Detective Burris told Defendant they could talk if Defendant signed his Miranda rights:
[Defendant] said again, "I really need to get some things off my chest; I feel like I need to talk." I said, "Well, then you're going to have to sign a Miranda form so no credibility is, you know, wasted here."
I read him his rights. He initialed each statement, and signed and dated it at the bottom and said that he did understand. Upon  after Miranda rights were read and signed, then he started talking.
Defendant then confessed to commission of the robbery.
The trial court denied Defendant's pretrial motion to suppress the conviction after concluding that Defendant had initiated contact with law enforcement officers by his inmate request form and that he knowingly, intelligently, understandingly and voluntarily waived his right to counsel for the purposes of the interrogation with Detective Burris. The court further found that Defendant's confession was not coerced or induced through promises in violation of his right to due process. Defendant was subsequently found guilty of robbery with a dangerous weapon and sentenced to a minimum of ninety-four months and a maximum of 122 months in prison.
Defendant now appeals, arguing that the trial court erred by denying his motion to suppress his confession, as it was made after he had asserted his right to counsel. Specifically, Defendant maintains that his request to speak to Detective Burris was contingent upon his attorney being present, and that Detective Burris violated that condition by approaching him alone.
Our review of an order denying a motion to suppress is limited to determining whether the findings of fact are supported by competent evidence and whether the findings of fact in turn support the court's conclusions of law. State v. Cooke, 306 N.C. 132, 134, 291 S.E.2d 618, 619 (1982). When findings of fact are not challenged on appeal, they are deemed to be supported by competent evidence and are binding on the appellate court. State v. Baker, 312 N.C. 34, 37, 320 S.E.2d 670, 673 (1984). A trial court's conclusion concerning the voluntariness of a defendant's statement is reviewable de novo on appeal. State v. Hardy, 339 N.C. 207, 222, 451 S.E.2d 600, 608 (1994). The reviewing court must determine whether the trial court's conclusions of law are "legally correct, reflecting a correct application of applicable legal principles to the facts found." State v. Fernandez, 346 N.C. 1, 11, 484 S.E.2d 350, 357 (1997).
An accused is entitled under the Fifth and Fourteenth Amendments to the United States Constitution to have counsel present during a custodial interrogation. Miranda v. Arizona, 384 U.S. 436, 479, 16 L. Ed. 2d 694, 749 (1966). Once an accused requests counsel, all interrogation must cease until an attorney is present. Fare v. Michael C., 442 U.S. 707, 719, 61 L. Ed. 2d 197, 209 (1979). A waiver of the right to counsel, when invoked, "cannot be established by showing only that [the accused] responded to further police-initiated custodial interrogation even if he has been advised of his rights." Edwards v. Arizona, 451 U.S. 477, 484, 68 L. Ed. 2d 378, 386, reh'g denied, 452 U.S. 973, 69 L. Ed. 2d 984 (1981). Interrogation of the defendant may commence again only under two sets of circumstances: (1) "reinitiation of conversation by defendant and a knowing and intelligent waiver of the right to counsel by defendant" and (2) "police-initiated interrogation once counsel is present." State v. Morris, 332 N.C. 600, 610, 422 S.E.2d 578, 584 (1992).
The facts of this case fall within the former set of circumstances. According to the testimony of Detective Burris at the hearing on the motion to suppress, Defendant invoked his right to counsel at the time of his arrest, when he refused to speak to the detective without first consulting an attorney. The detective honored the request and did not talk with Defendant. Several days later, Defendant reinitiated contact with Detective Burris by sending the note asking to meet with the detective to set up a meeting with his wife and attorney. Detective Burris appeared in person to respond to Defendant's note. Although Detective Burris repeatedly advised Defendant that he could not communicate with him unless his attorney was present, Defendant persisted in attempting to talk with him, even without his lawyer or wife being present. After being advised of his Miranda rights by Detective Burris and reading the waiver form himself, Defendant signed the waiver and gave a statement to Detective Burris.
These facts, as found by the trial court, support the conclusions of law that Defendant reinitiated contact with law enforcement and that he knowingly, intelligently, and voluntarily waived his right to counsel prior to confessing to Detective Burris. Accordingly, we find no error in the trial court's denial of Defendant's motion to suppress.
Affirmed.
Judges ELMORE and GEER concur.
Report per Rule 30(e).
NOTES
[1] State v. Morris, 332 N.C. 600, 610, 422 S.E.2d 578, 584 (1992).