An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-180

NORTH CAROLINA COURT OF APPEALS

Filed: 5 August 2014

STATE OF NORTH CAROLINA

v.

WARREN STEVEN ST. GEORGE

Lenoir County
Nos. 13 CRS 50039
13 CRS 700035

Appeal by defendant from judgments entered 31 July 2013 by Judge Charles H. Henry in Lenoir County Superior Court. Heard in the Court of Appeals 21 July 2014.

*Attorney General Roy Cooper, by Associate Attorney General Gayle L. Kemp, for the State.*

*Bryan Gates for defendant-appellant.*

HUNTER, JR., Robert N., Judge.

Defendant appeals from judgments entered after he was convicted for driving while impaired, driving while license revoked, and driving left of center. Defendant argues the trial court erred in denying his motion to suppress. After careful review, we hold that the trial court did not err in denying defendant's motion to suppress.

On 4 January 2013 at approximately 9:55 p.m., Trooper Jackie Rogers stopped defendant for driving left of center on Tick Bite Road in Grifton. When the trooper asked defendant for his license, defendant stated that he did not have a license. The trooper observed that defendant had red, glassy eyes, a strong odor of alcohol coming from his person, and slurred speech. The trooper formed the opinion "that the defendant had consumed a sufficient quantity of an impairing substance to appreciably impair his mental and physical faculties." Defendant was arrested and charged with driving while impaired, driving while license revoked, and driving left of center. Defendant pled guilty to driving while impaired in district court, and the State dismissed the other two charges. Defendant was sentenced to 18 months in prison. Defendant filed written notice of appeal to superior court on 8 April 2013.

Prior to trial in superior court, defendant filed a motion to suppress evidence seized during the traffic stop. The trial court conducted a hearing on the motion prior to trial on 30 July 2013 and denied defendant's motion. On 31 July 2013, a jury found defendant guilty of driving left of center and driving while impaired. Defendant entered a no contest plea to driving while license revoked. The trial court sentenced

defendant to 18 months for driving while impaired and to 120 days for driving while license revoked and driving left of center.  Defendant filed timely written notice of appeal on 6 August 2013.

Defendant contends the trial court erred in denying his motion to suppress because the trooper did not have reasonable suspicion to stop his vehicle.  This Court's review of an order denying a motion to suppress is "strictly limited to determining whether the trial judge's underlying findings of fact are supported by competent evidence, in which event they are conclusively binding on appeal, and whether those factual findings in turn support the judge's ultimate conclusions of law."  *State v. Cooke*, 306 N.C. 132, 134, 291 S.E.2d 618, 619 (1982).  "The trial court's conclusions of law, however, are fully reviewable on appeal."  *State v. Hughes*, 353 N.C. 200, 208, 539 S.E.2d 625, 631 (2000).

> Under the Fourth Amendment, a police officer is permitted to conduct a brief investigatory stop of a vehicle and detain its occupants without a warrant[.]  However, in order to conduct a warrantless, investigatory stop, an officer must have reasonable and articulable suspicion of criminal activity.  The reasonable suspicion must arise from the officer's knowledge prior to the time of the stop.

*State v. Fields*, ___ N.C. App. ___, ___, 723 S.E.2d 777, 779 (2012) (citations and quotation marks omitted).

Citing *State v. Otto*, 366 N.C. 134, 138, 726 S.E.2d 824, 828 (2012), defendant contends that "[i]n order for weaving to constitute reasonable suspicion for a vehicle stop, it must be 'constant and continual.'" Defendant also cites *Fields*, where this Court found reasonable suspicion based on weaving "like a ball bouncing in a small room" combined with other cars having to take evasive measures to avoid an accident. *Fields*, ___ N.C. App. at ___, 723 S.E.2d at 779. Defendant argues there was no evidence that other cars were affected in this case, there was no indication of the distance his car travelled while the trooper followed, and there was no testimony of extreme weaving. We are not persuaded.

In this case, the trial court made the following relevant findings of fact:

> 1. Master trooper Jackie Rogers, a North Carolina highway patrolman of over thirteen years of experience, was on routine patrol in northeastern Lenoir County at approximately 9:55 p.m. on Friday, January 4, 2013. Rogers was stopped at a stop sign at the intersection of Highland Avenue and Contentea Drive near Grifton when he first observed the defendant's motor vehicle.
>
> 2. Trooper Rogers observed a Lincoln back out from a driveway located west of his

location on Contentea Drive. This driveway was adjacent to a residence that had a reputation as being a "liquor house" from which one could buy alcohol.

3. The Lincoln proceeded east on Contentea Drive away from Trooper Rogers' location. Contentea Drive[,] at that location[,] is a two lane rural highway divided by a double yellow line that passes several residences.

4. The Lincoln[,] as it was being driven east[,] drifted one to two feet across the center line into the westbound lane at an area west of a railroad crossing. After the motor vehicle returned to the east bound lane, it again crossed the center line as the motor vehicle entered a curve in the road to the left. The vehicle crossed the center line a third time when it entered a long curve to the right. At that location the motor vehicle straddled the center lines so that half of the vehicle was in the west bound lane. Because the curve obstructed the view of the oncoming lane, the trooper decided to activate his blue lights and pull the Lincoln over.

These findings are unchallenged by defendant and "they are deemed to be supported by competent evidence and are binding on appeal." *State v. Roberson*, 163 N.C. App. 129, 132, 592 S.E.2d 733, 735-36, *disc. review denied*, 358 N.C. 240, 594 S.E.2d 199 (2004). The evidence indicates that defendant crossed into the opposite lane of travel three times, and that his car was halfway in the opposite lane of travel in an area where a curve obstructed the view of oncoming traffic. Similarly, in both

*Otto* and *Fields*, the defendants weaved within their own lane of travel and crossed the center line. *Otto*, 366 N.C. at 135, 726 S.E.2d at 826; *Fields*, ___, N.C. App. at ___, 723 S.E.2d at 779. Accordingly, we conclude the trooper had reasonable suspicion to stop defendant's vehicle, and the trial court did not err in denying defendant's motion to suppress. Defendant's argument is overruled.

No error.

Judges BRYANT and STROUD concur.

Report per Rule 30(e).