McCULLOUGH, Judge.
Clinton Montrez Walker ("defendant") appeals the denial of his motion to suppress evidence following entry of judgment on his guilty plea to felony possession of a schedule II controlled substance. For the following reasons, we affirm the decision of the trial court.
I. Background
Defendant was arrested for possession with intent to sell or deliver cocaine on 13 May 2015. On 8 September 2015, a Mecklenburg County Grand Jury indicted defendant for felonious possession of a schedule II controlled substance with the intent to sell. On 16 November 2016, defendant filed a motion to suppress evidence. Specifically, defendant asserted that police seized the cocaine at issue during an unlawful search and seizure of his person.
Defendant's motion came on for hearing before the Honorable Linwood O. Foust in Mecklenburg County Superior Court on 7 April 2016. Upon hearing the testimony of the arresting officers and reviewing body camera video of the encounter, the trial court denied defendant's motion to suppress evidence of the cocaine. Following this denial, defendant entered a guilty plea to the lesser included offense of possession of a schedule II controlled substance. The arrangement allowed defendant to plead guilty to possession of cocaine, but preserved defendant's right to appeal the conviction as he believed the motion to suppress was wrongfully denied. Upon hearing the factual basis of the plea, the trial court accepted defendant's guilty plea and entered judgment on 7 April 2016. Due to defendant's prior record, defendant was sentenced to 5 to 15 months imprisonment, with the term suspended on condition that he complete 18 months of supervised probation. Defendant filed a notice of appeal the same day.
II. Discussion
On appeal, defendant asserts his motion to suppress the cocaine was wrongfully denied by the trial court. Defendant argues the search and seizure of his person was unlawful because the officers did not have reasonable suspicion of a crime and that he was not consenting to a search.
Our review of a trial court's denial of a motion to suppress is "strictly limited to determining whether the trial judge's underlying findings of fact are supported by competent evidence, in which event they are conclusively binding on appeal, and whether those factual findings in turn support the judge's ultimate conclusions of law." State v. Cooke , 306 N.C. 132, 134, 291 S.E.2d 618, 619 (1982). "The trial court's conclusions of law ... are fully reviewable on appeal." State v. Hughes , 353 N.C. 200, 208, 539 S.E.2d 625, 631 (2000).
Defendant asserts that when officers approached him in an enclosed bus stop and asked coercive questions with accusations that he had been selling drugs, the encounter amounted to a seizure in violation of the protections afforded under the United States Constitution and the North Carolina Constitution because a reasonable person would not have felt that he was free to leave. Thus, defendant contends that the unlawful seizure invalidates his consent to the search and, with neither reasonable suspicion nor consent, the cocaine found on his person should have been suppressed.
The State agrees that the officers performing the stop did not have evidence to support a seizure based on reasonable suspicion. Rather, the State contends the interaction was a voluntary police-citizen interaction, which does not require reasonable suspicion, and that defendant legally consented to the search. Thus, the issues at hand are whether the stop was a voluntary interaction and whether defendant consented to the search of his person.
The protections against searches and seizures do not apply in every interaction with law enforcement. For example, they do not apply during voluntary interactions. See Florida v. Bostick , 501 U.S. 429, 431, 115 L.Ed. 2d 389, 396 (1991). To determine whether an encounter constitutes a seizure or a voluntary interaction, a court must consider all the circumstances surrounding the encounter to determine whether a reasonable person would feel they could not decline the officers' requests to search or terminate the encounter. Id. Yet, mere questioning by officers, without indicated restraint, is not a seizure of the individual. State v. Campbell , 359 N.C. 644, 663, 617 S.E.2d 1, 13 (2005) (" '[E]ven when law enforcement officers have no basis for suspecting a particular individual, they may pose questions, ask for identification, and request consent to search luggage-provided they do not induce cooperation by coercive means.' ") (quoting U.S. v. Drayton , 536 U.S. 194, 200, 153 L.Ed. 2d 242, 251 (2002) ). As defendant acknowledges, factors the court has considered include the number of officers present, the display of a weapon by the officer, the officer's words and tone of voice, physical contact, whether the officer obtained the person's identification or other property, the location of the encounter, and whether the person's path was blocked.
Here, defendant contends that the officers narrowed in on him from the start of the encounter and that the presence of four officers, in full uniform with weapons, five feet away made him feel he could not leave or end the conversation. Nor, he contends, would any reasonable person feel free to leave or end the conversation. Thus, defendant contends he was seized. Defendant further asserts he did not consent to the search, but only acquiesced to the authority which he did not feel free to refute. Defendant asserts the presence of certain factors made him, and would make any reasonable person, feel as though he did not have the power to end the encounter. Defendant contends the officers' presence in uniforms which included weapons, the fact the officers impeded access to the street, and the mention of a felony accusation form a totality of circumstances in which a reasonable person would not feel free to end a police encounter. Defendant also cites State v. Knudsen , 229 N.C. App. 271, 283, 747 S.E.2d 641, 650 (2013), making the analogy that since a reasonable person would not feel at liberty to end an encounter when uniformed police officers and official vehicles blocked the person's path, no reasonable person in these circumstances would feel empowered to end the encounter. Considering the totality of the circumstances, we disagree.
The record shows the trial judge found the officers had acted congenially toward the defendant based on the video of the encounter. Defendant kept smoking a cigarette, and before the pat down, removed cash from his own pocket. An officer asked defendant if it was okay for them to pat him down to be certain he had no weapons or drugs. Moreover, the video evidence shows a congenial, friendly conversation. Defendant's own words on video show he knew he had no warrants, and thus the officers had nothing specific for which to arrest him. The evidence on record supports the findings and conclusion that defendant could have ended the encounter and was not seized. Defendant was left alone at the bus stop for part of the encounter. At no point did officers raise their voices, command defendant to do or not do anything, or otherwise assert control over defendant aside from the pat down. This suggests that defendant could have walked away or otherwise refused to continue answering questions. Defendant also could have refused to consent to the pat down. Defendant did not refuse, and demonstrated his consent by standing and removing some of his personal belongings from his pockets.
Since the trial court's uncontested findings support the conclusion that the search was consensual, we hold the trial court did not err in denying defendant's motion to suppress.
III. Conclusion
For the reasons discussed above, the trial court's denial of defendant's motion to suppress is affirmed.
AFFIRMED.
Report per Rule 30(e).
Judges CALABRIA and INMAN concur.