IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA19-230

 Filed: 19 November 2019

Rowan County, No. 17CRS52497

STATE OF NORTH CAROLINA

 v.

ALLISON MACKIE HALL, Defendant.

 Appeal by defendant from judgment entered 9 July 2018 by Judge Anna M.

Wagoner in Rowan County Superior Court. Heard in the Court of Appeals 18

September 2019.

 Attorney General Joshua H. Stein, by Assistant Attorney General Dylan C.
 Sugar, for the State.

 Gilda C. Rodriguez for defendant-appellant.

 BERGER, Judge.

 Allison Mackie Hall (“Defendant”) appeals the trial court’s denial of her motion

to suppress evidence obtained from a search of her purse. Following denial of her

motion, Defendant pleaded guilty to possession of heroin and possession of drug

paraphernalia pursuant to a plea arrangement with the State that preserved her

ability to appeal.
 STATE V. HALL

 Opinion of the Court

 On appeal, Defendant contends the trial court erred when it denied her motion

to suppress evidence because the court made insufficient findings of fact related to

her consent to search her vehicle and her purse. We disagree.

 Factual and Procedural Background

 On April 8, 2017, at approximately 7:50 p.m., Defendant was asleep in her car

at Dan Nicholas Park in Rowan County, North Carolina. The park was scheduled to

close at 8:00 p.m. that evening.

 Lieutenant William Andrew Downs (“Lieutenant Downs”), with the Rowan

County Sheriff’s Office, was performing a routine sweep of the park prior to closing

when he discovered Defendant’s vehicle in the parking area. Lieutenant Downs

called in the vehicle’s registration number and then approached the driver’s side

window to see if anyone was inside the vehicle. He observed Defendant slumped over

in the driver’s seat with her upper body leaning into the passenger’s seat.

 Lieutenant Downs was concerned that there was a medical emergency based

on Defendant’s positioning, and he knocked on the window of the vehicle. After

Lieutenant Downs knocked several times, Defendant sat up, looked at him, and

opened the driver’s side door. Defendant informed Lieutenant Downs that she was

camping in the park with her son and his Boy Scout troop, and that she decided to

take a nap in her vehicle. According to Lieutenant Downs, Defendant’s speech was

 -2-
 STATE V. HALL

 Opinion of the Court

slurred, her eyes were bloodshot, and she was unsteady on her feet when she exited

the vehicle.

 While interacting with Defendant, Lieutenant Downs noticed track marks on

Defendant’s arms consistent with heroin use. Lieutenant Downs asked Defendant if

she had any narcotics in her vehicle or purse, and Defendant responded that she did

not. Lieutenant Downs then asked for Defendant’s driver’s license and checked for

outstanding warrants. While still in possession of Defendant’s license, Lieutenant

Downs asked for consent to search her vehicle and purse. Defendant’s purse was

sitting in the front seat of the vehicle.

 The State and Defendant presented conflicting evidence concerning the events

that followed. According to Lieutenant Downs, he asked Defendant for consent to

search her vehicle and purse one time, and Defendant responded, “Sure.” In contrast,

Defendant testified that Lieutenant Downs asked for permission to search her vehicle

three times, and that each time Defendant responded, “I would really rather you not.”

According to Defendant, she only consented to the search after Lieutenant Downs

threatened to take her away in handcuffs.

 During the search, Lieutenant Downs found multiple syringes in the top

section of Defendant’s purse, and, again, asked her if she was carrying anything

illegal. Defendant responded, “Am I going to jail?” According to Lieutenant Downs,

he promised Defendant that he would not take her to jail that night if she cooperated.

 -3-
 STATE V. HALL

 Opinion of the Court

Defendant then informed Lieutenant Downs that she had a syringe containing heroin

in the side compartment of her purse. Lieutenant Downs found the syringe in

Defendant’s purse, along with a burnt spoon and approximately two grams of heroin.

Lieutenant Downs told Defendant to leave her vehicle in the parking area and

allowed Defendant to return to her son for the rest of the evening.

 On March 14, 2018, the Rowan County Grand Jury indicted Defendant on one

count of possession of heroin and one count of possession of drug paraphernalia.

Defendant filed a motion to suppress the evidence obtained from the search, alleging

the search violated her rights under the Fourth and Fourteenth Amendments of the

United States Constitution. On September 6, 2018, the trial court entered an order

denying the motion to suppress. Defendant subsequently pleaded guilty to both

charges but preserved her right to appeal the denial of her motion to suppress

evidence pursuant to Section 15A-979 of the North Carolina General Statutes.

 Standard of Review

 In reviewing a trial court’s denial of a motion to suppress, this Court’s review

“is strictly limited to determining whether the trial judge’s underlying findings of fact

are supported by competent evidence, in which event they are conclusively binding

on appeal, and whether those factual findings in turn support the judge’s ultimate

conclusions of law.” State v. Cooke, 306 N.C. 132, 134, 291 S.E.2d 618, 619 (1982).

When supported by competent evidence, the trial court’s factual findings are

 -4-
 STATE V. HALL

 Opinion of the Court

conclusive on appeal, even where the evidence might sustain findings to the contrary.

State v. Mello, 200 N.C. App. 437, 439, 684 S.E.2d 483, 486 (2009).

 The trial court’s conclusions of law are reviewed de novo. State v. Allen, 197

N.C. App. 208, 210, 676 S.E.2d 519, 521 (2009). In addition, our Court will not disturb

the correct decision of a lower court on review “simply because an insufficient or

superfluous reason is assigned.” State v. Austin, 320 N.C. 276, 290, 357 S.E.2d 641,

650 (1987). “The question for review is whether the ruling of the trial court was

correct and not whether the reason given therefor is sound or tenable.” Id. at 290,

357 S.E.2d at 650.

 Analysis

 On appeal, Defendant argues the trial court erred when it denied her motion

to suppress. Specifically, Defendant contends that her consent to the search was not

voluntarily given, and the trial court’s findings on this issue were insufficient. We

disagree.

 Under the Fourth Amendment of the United States Constitution,

 [t]he right of the people to be secure in their persons,
 houses, papers, and effects, against unreasonable searches
 and seizures, shall not be violated, and no Warrants shall
 issue, but upon probable cause, supported by Oath or
 affirmation, and particularly describing the place to be
 searched, and the persons or things to be seized.

U.S. CONST. amend. IV. “The Fourth Amendment protects the right to be free from

unreasonable searches and seizures, but it is silent about how this right is to be

 -5-
 STATE V. HALL

 Opinion of the Court

enforced.” Davis v. United States, 564 U.S. 229, 231-32 (2011) (quotation marks

omitted). To supplement the bare text of the Fourth Amendment, the United States

Supreme Court “created the exclusionary rule, a deterrent sanction that bars the

prosecution from introducing evidence obtained by way of a Fourth Amendment

violation.” Id. at 231-32. “The Fourth Amendment is applicable to the states through

the Due Process Clause of the Fourteenth Amendment.” State v. Smith, 346 N.C.

794, 798, 488 S.E.2d 210, 213 (1997) (citation omitted).

 “The governing premise of the Fourth Amendment is that a governmental

search and seizure of private property unaccompanied by prior judicial approval in

the form of a warrant is per se unreasonable unless the search falls within a well-

delineated exception to the warrant requirement . . . .” Cooke, 306 N.C. at 135, 291

S.E.2d at 620.

 Consent . . . has long been recognized as a special situation
 excepted from the warrant requirement, and a search is not
 unreasonable within the meaning of the Fourth
 Amendment when lawful consent to the search is given.
 For the warrantless, consensual search to pass muster
 under the Fourth Amendment, consent must be given and
 the consent must be voluntary. Whether the consent is
 voluntary is to be determined from the totality of the
 circumstances.

Smith, 346 N.C. at 798, 488 S.E.2d at 213 (citations omitted).

 Defendant contends that the voluntariness of a search presents a question of

law and argues that the trial court made insufficient findings of fact on the legal issue

of whether her consent to the search was voluntarily given. In support of the

 -6-
 STATE V. HALL

 Opinion of the Court

argument that the voluntariness of a search presents a legal question, Defendant’s

appellate brief cites numerous authorities all of which stand for the proposition that

the voluntariness of a confession under the Fifth Amendment is a question of law. See

State v. Hardy, 339 N.C. 207, 222, 451 S.E.2d 600, 608 (1994) (“The conclusion of

voluntariness . . . is a legal question which is fully reviewable. . . . [W]e conclude that

the trial court correctly concluded that defendant’s confession was voluntary.”); State

v. Barlow, 330 N.C. 133, 139, 409 S.E.2d 906, 910 (1991) (“[T]he question of the

voluntariness of a confession is one of law, not of fact.”). These cases do not govern

the voluntariness of consent to a search under the Fourth Amendment.

 In Schneckloth v. Bustamonte, the United States Supreme Court held that “the

question whether a consent to a search was in fact voluntary or was the product of

duress or coercion, express or implied, is a question of fact to be determined from the

totality of all the circumstances.” 412 U.S. 218, 227 (quotation marks omitted). In

2017, our State Supreme Court cited Bustamonte approvingly, concluding that the

voluntariness of a search under the Fourth Amendment is a question of fact to be

determined from the totality of the circumstances. State v. Romano, 369 N.C. 678,

691, 800 S.E.2d 644, 652 (2017). Moreover, our Supreme Court has previously

reversed the decision of this Court based upon the trial court’s failure to “make a

specific finding as to whether [the defendant] voluntarily consented” to a search.

Smith, 346 N.C. at 801, 488 S.E.2d at 214.

 -7-
 STATE V. HALL

 Opinion of the Court

 Thus, the question of whether consent to a search is voluntarily given by a

defendant under the Fourth Amendment is one of fact, not law. Romano, 369 N.C. at

691, 800 S.E.2d at 652; Smith, 346 N.C. at 801, 488 S.E.2d at 214. In determining

the voluntariness of consent to a search, the State bears the burden of proving “that

consent was, in fact, freely and voluntarily given.” Romano, 369 at 691, 800 S.E.2d

at 653 (citation and quotation marks omitted).

 Consent is not voluntary if it is the product of duress or
 coercion, express or implied. A court’s decision regarding
 whether a suspect’s consent was voluntary is based on . . .
 careful scrutiny of all the surrounding circumstances and
 does not turn on the presence or absence of a single
 controlling criterion. The standard for measuring the
 scope of a suspect’s consent under the Fourth Amendment
 is that of objective reasonableness.

Id. at 691, 800 S.E.2d at 653 (purgandum).

 As previously discussed, “[a]t a hearing to determine the voluntariness of a

defendant’s consent to a search of his property, the weight to be given the evidence is

peculiarly a determination for the trial court, and its findings are conclusive when

supported by competent evidence.” State v. Aubin, 100 N.C. App. 628, 633, 397 S.E.2d

653, 656 (1990). “Where the evidence is conflicting, the [trial court] must resolve the

conflict. . . . The appellate court is much less favored because it sees only a cold,

written record.” State v. Smith, 278 N.C. 36, 41, 178 S.E.2d 597, 601 (1971)

(parenthetical omitted). Accordingly, “the findings of the trial judge are, and properly

 -8-
 STATE V. HALL

 Opinion of the Court

should be, conclusive on appeal if they are supported by the evidence.” Id. at 41, 178

S.E.2d at 601.

 After determining the trial court’s findings are supported by competent

evidence, we must then determine whether those findings support the court’s

ultimate conclusion of law—that a warrantless search did or did not violate a

defendant’s rights under the Fourth and Fourteenth Amendments. Smith, 346 N.C.

at 801, 488 S.E.2d at 214.

 In this case, the trial court made the following pertinent finding of fact,

“[Defendant] freely gave consent to [Lieutenant] Downs to search her vehicle and her

purse.” At the suppression hearing, Lieutenant Downs testified that he asked

Defendant once for consent to search her vehicle and purse and that Defendant

responded, “Sure.” Verbal confirmation of consent to a search is sufficient to support

a finding of voluntariness. Bustamonte, 412 U.S. at 220 (finding voluntary consent

where, at a stop with three officers present, an officer asked for permission to search

the defendant’s vehicle and the defendant responded, “Sure, go ahead.”).

 Although Defendant’s testimony contradicted Lieutenant Downs’ testimony in

several respects, it is clear from the order denying Defendant’s motion to suppress

that the trial court afforded more weight to the State’s evidence. Therefore, the trial

court’s determination that Defendant’s consent was “freely given” was supported by

 -9-
 STATE V. HALL

 Opinion of the Court

competent evidence and is binding on this Court. Mello, 200 N.C. App. at 439, 684

S.E.2d at 486.

 Next, we must determine whether the trial court’s findings support the

ultimate conclusion of law. In the order denying Defendant’s motion to suppress

evidence, the trial court failed to make a specific finding that the search of

Defendant’s vehicle and purse did not violate her rights under the Fourth and

Fourteenth Amendments. However, based on the trial court’s findings of fact that

Defendant voluntarily consented to the search, we conclude that the search did not

violate Defendant’s rights under Fourth Amendment. Therefore, the trial court did

not err in denying Defendant’s motion to suppress because the search was valid under

the Fourth and Fourteenth Amendments.

 AFFIRMED.

 Judges INMAN and MURPHY concur.

 - 10 -