IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA19-1169

Filed: 20 October 2020

Wake County, No. 15 CRS 210571

STATE OF NORTH CAROLINA

v.

ENRIQUE AMAURIS NUNEZ, Defendant.

Appeal by defendant from judgement entered 10 July 2019 by Judge Craig Croom in Wake County Superior Court. Heard in the Court of Appeals 12 August 2020.

> *Attorney General Joshua H. Stein, by Assistant Attorney General Mary L. Maloney, for the State.*

> *Michael E. Casterline, P.A., by Michael E. Casterline, for the defendant-appellant.*

BERGER, Judge.

On January 4, 2017, Enrique Nunez's ("Defendant") motion to suppress was denied by the trial court, and Defendant was subsequently convicted of driving while impaired ("DWI"). Defendant appeals, arguing that the trial court erred when it denied his motion to suppress. We disagree.

Factual and Procedural Background

In the early morning on May 11, 2015, Officer Crawford of the Raleigh Police Department was dispatched to check the status of a single car accident in a

Biscuitville parking lot. While en route to the parking lot, Officer Norton asked Officer Crawford to take the lead on scene because Officer Norton's shift was almost over. Around 1:48 a.m., Officer Crawford arrived at the parking lot. When Officer Crawford arrived, Officer Norton "was some distance from the disabled vehicle but had her police unit there with the blue lights activated." Officer Crawford observed that the vehicle was in the center of a public vehicular area with two flat tires and a missing mirror, and that Defendant was seated "in the driver's seat of the vehicle." Officer Crawford then approached the vehicle and requested Defendant's driver's license and vehicle registration through the already open driver's side window.

Officer Crawford noticed "a very strong odor of alcohol coming from the vehicle." Defendant admitted that he had "five or six beers" earlier that night. Officer Crawford then administered standardized field sobriety tests and two subsequent breath tests. Based on his experience, Officer Crawford determined that Defendant "consumed a sufficient quantity of . . . alcohol . . . to impair his physical and mental faculties." As a result, Officer Crawford arrested Defendant for DWI.

On January 3, 2017, Defendant filed a motion to suppress the evidence obtained by Officer Crawford. At the hearing, Defendant argued that Officer Norton initiated a seizure when she arrived on the scene and activated the blue lights on her patrol vehicle. Specifically, Defendant argued that Officer Norton did not have reasonable suspicion at that time to seize him.

On January 4, 2017, the trial court denied Defendant's motion to suppress.

The trial court's order included the following relevant findings of fact:

> 5.    Officer Crawford arrived within five minutes of the call to service.
>
> 6.    When Officer Crawford arrived, Officer Norton, with the Raleigh Police Department, was already on scene.
>
> 7.    Officer Norton did not testify and was not present at this hearing.
>
> 8.    Officer Norton was some distance from the disabled vehicle but had her police unit there with the blue lights activated.
>
> . . .
>
> 12.    The vehicle was in the middle of the parking lot and not in a parking space.
>
> 13.    Officer Crawford observed that the vehicle had two flat tires and the mirror on one side was missing.
>
> 14.    The keys were in the ignition and the Defendant was in the driver's seat.
>
> 15.    At the time he approached the vehicle, Officer Crawford noticed a strong odor of alcohol emanating from the vehicle.
>
> 16.    Officer Crawford asked the Defendant whether he had been drinking, and he responded affirmatively.

Based on these findings of fact, the trial court made the following relevant

conclusions of law:

> 4.    The parking lot of the Biscuitville is a public vehicular area.

- 3 -

5.    The officers were not dispatched due to any alleged criminal activity.

6.    They were dispatched for a disabled vehicle, which could be for a lot of things, including issues involving the health of the driver.

7.    Officers turn on their blue lights for a number of reasons, including for the safety of the individual that might be inside of a vehicle.

8.    The Defendant was not seized by Officer Norton.

9.    The nature of the call to service authorized Officer Crawford to approach the vehicle and check on the welfare of the person or persons inside the vehicle.

10.    The seizure of the Defendant did not occur until Officer Crawford approached the Defendant's vehicle smelled the odor of alcohol, and began questioning the Defendant.

11.    The evidence here is adequate to support a finding that Officer Crawford had reasonable articulable suspicion to seize the Defendant. Therefore, the Defendant's seizure did not violate his rights under the Fourth Amendment to the United States Constitution and Article I, Sections 10, 20 and 23 of the North Carolina Constitution.

On July 10, 2019, a Wake County jury found Defendant guilty of DWI. Defendant appeals, arguing that the trial court erred when it denied his motion to suppress. We disagree.

Standard of Review

Our review of a trial court's denial of a motion to suppress "is strictly limited to determining whether the trial judge's underlying findings of fact are supported by

competent evidence, in which event they are conclusively binding on appeal, and whether those factual findings in turn support the judge's ultimate conclusions of law." *State v. Cooke*, 306 N.C. 132, 134, 291 S.E.2d 618, 619 (1982) (citations omitted). A defendant's failure to challenge findings of fact renders them binding on appeal. *State v. Styles*, 362 N.C. 412, 417, 665 S.E.2d 438, 441 (2008). "Conclusions of law are reviewed *de novo*." *State v. Gerard*, 249 N.C. App 500, 502, 790 S.E.2d 592, 594 (2016) (citation and quotation marks omitted).

Analysis

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. amend. IV.

"Article I, Section 20 of the Constitution of North Carolina likewise prohibits unreasonable searches and seizures and requires that warrants be issued only on probable cause." *State v. Allman*, 369 N.C. 292, 293, 794 S.E.2d 301, 303 (2016) (citation omitted). A seizure occurs when the officer, "by means of physical force or show of authority, has in some way restrained the liberty of a citizen." *Terry v. Ohio*, 392 U.S. 1, 19 n.16 (1968). There must be "a physical application of force or submission to a show of authority." *State v. Cuevas*, 121 N.C. App. 553, 563, 468 S.E.2d 425, 431 (1996) (citation omitted).

"The activation of blue lights on a police vehicle has been included among factors for consideration to determine when a seizure occurs." *State v. Baker*, 208 N.C. App. 376, 386, 702 S.E.2d 825, 832 (2010) (citation omitted). However, the mere activation of an officer's blue lights does not constitute a seizure under the Fourth Amendment. *See State v. Turnage,* 259 N.C. App. 719, 726, 817 S.E.2d 1, 6, *writ denied, temporary stay dissolved*, 371 N.C. 786, 821 S.E.2d 438 (2018) ("[T]he mere activation of the vehicle's blue lights did not constitute a seizure as Defendant did not yield to the show of authority."); *see also State v. Mangum*, 250 N.C. App. 714, 726, 795 S.E.2d 106, 116-17 (2016) (specifying that for a defendant to be seized under the Fourth Amendment he must submit, or yield, to an officer's activation of blue lights or siren).

Here, Officer Norton was dispatched to check the status of a single car accident in a public vehicular area. When Officer Norton arrived and activated her blue lights, Defendant was sitting in the driver's seat of his disabled vehicle, which had two flat tires and a broken side mirror. While the activation of her blue lights is a factor in determining whether a seizure has occurred, there was no action on the part of Officer Norton that caused Defendant's vehicle to stop moving, or otherwise impede Defendant's movement. Rather, Officer Norton may have activated her blue lights to signal to Officer Crawford, or to even signal to Defendant that police assistance was available. *See Turnage*, 259 N.C. App. at 725-26, 817 S.E.2d at 5 ("A vehicle

inexplicably stopped in the middle of a public roadway is a circumstance sufficient, by itself, to indicate someone in the vehicle may need assistance, or that mischief is afoot. At the very least, . . . it is not the role of this, or any other court, to indulge in unrealistic second-guessing of a law enforcement officer's judgment call." (*purgandum*)).

Here, Defendant was not seized by the mere activation of Officer Norton's blue lights. Therefore, the trial court did not err when it denied Defendant's motion to suppress.

## Conclusion

For the foregoing reasons, we affirm the trial court's denial of Defendant's motion to suppress.

NO ERROR.

Judges DIETZ and ARROWOOD concur.