DAVIS, Judge.
 

 *493
 
 Antwon Leerandall Eldridge ("Defendant") appeals from his convictions for trafficking in cocaine by transportation and trafficking in cocaine by possession. On appeal, Defendant argues that the trial court erred in denying his motion to suppress evidence discovered during the stop of his vehicle because the stop was based on an officer's mistake of law that was not objectively reasonable. After careful review, we reverse the trial court's order denying Defendant's motion to suppress.
 

 Factual Background
 

 On 12 June 2014, Deputy Aaron Billings of the Watauga County Sheriff's Office was traveling northbound on U.S. Highway 421 while talking on the phone to his supervisor,
 
 *741
 
 Lieutenant Brandon Greer. As he was driving, Deputy Billings noticed a white Ford Crown Victoria
 
 *494
 
 driving without an exterior mirror on the driver's side of the vehicle. The vehicle was registered in Tennessee.
 

 Deputy Billings was aware that North Carolina law generally requires vehicles to be equipped with exterior mirrors on the driver's side. He asked Lieutenant Greer to confirm that the applicable statute did, in fact, require the presence of an exterior mirror on the driver's side of a vehicle, and Lieutenant Greer responded that Deputy Billings was correct. Neither Deputy Billings nor Lieutenant Greer was aware that this statutory requirement-which is codified in
 
 N.C. Gen. Stat. § 20-126
 
 (b) -does not apply to vehicles registered out of state. Deputy Billings proceeded to perform a traffic stop on the Crown Victoria in a nearby parking lot.
 

 Deputy Billings approached the vehicle and found Defendant in the driver's seat. Defendant consented to a search of the car, and officers later found 73 grams of crack cocaine and 12 grams of marijuana inside the vehicle. Defendant was arrested and subsequently admitted his awareness of the presence of the drugs in the vehicle.
 

 On 2 February 2015, Defendant was indicted for trafficking in cocaine by transportation, trafficking in cocaine by possession, and possession with intent to manufacture, sell, or deliver cocaine. Defendant filed a motion to suppress evidence obtained during the 12 June 2014 traffic stop, and a hearing was held on 4 June 2015 in Watauga County Superior Court before the Honorable Eric Morgan.
 

 At the hearing, Deputy Billings testified that at the time of the stop he genuinely believed that the statutory provision requiring exterior mirrors applied to Defendant's vehicle. However, he conceded that he had since learned that the statute was not actually applicable because the Crown Victoria was not registered in North Carolina. Lieutenant Greer similarly testified that he had been unaware on the date at issue that the statutory requirement applied only to vehicles registered in North Carolina.
 

 On 5 June 2015, the trial court entered an order denying Defendant's motion to suppress, which contained the following findings of fact:
 

 1. Deputy Aaron Billings is a seven and a half year veteran of the Watauga County Sheriff's Department.
 

 2. Deputy Billings was in uniform and on patrol at 10:42 PM on June 12, 2014.
 

 *495
 
 3. Deputy Billings encountered the Defendant's vehicle on U.S. Highway 421 in Watauga County. U.S. Highway 421 is a public roadway.
 

 4. Prior to stopping the Defendant, Deputy Billings noticed there was no exterior mirror on the driver's side of the vehicle. Upon closer examination, Deputy Billings noticed there was also no exterior mirror on the passenger side of the vehicle.
 

 5. The Defendant's vehicle was registered in the State of Tennessee.
 

 6. Deputy Billings had a reasonable and good faith belief that the condition of the Defendant's vehicle violated N.C.G.S. § 20-126(b).
 

 7. Other subsections of N.C.G.S. § 20-126, which regulates mirrors on vehicles, do not require a vehicle to be registered in North Carolina to apply. For example, N.C.G.S. § 20-126(a) requires rearview mirrors in vehicles, but does not include a requirement that the vehicle be registered in North Carolina. In addition, N.C.G.S. § 20-126(c) requires rearview mirrors on motorcycles, but does not include a requirement that the vehicle be registered in North Carolina.
 

 8. Lieutenant Brandon Greer also testified. Lieutenant Greer has twelve years of law enforcement experience and was Deputy Billings['s] supervisor on June 12, 2014.
 

 9. Lieutenant Greer testified that Deputy Billings contacted Lieutenant Greer prior to conducting the traffic stop of the Defendant.
 

 10. Lieutenant Greer informed Deputy Billings that he believed the absence of exterior mirrors on the Defendant's vehicle violated N.C.G.S. § 20-126(b).
 

 *742
 
 Based on these findings of fact, the trial court made the following conclusions of law:
 

 1. Deputy Billings stopped the Defendant based on an objectively reasonable mistake of law that N.C.G.S. § 20-126(b) applied to the Defendant's vehicle even though it was registered in Tennessee and not North Carolina.
 

 *496
 
 This was a reasonable and good faith, but mistaken understanding of the scope of the legal prohibition of N.C.G.S. § 20-126(b).
 

 2. The purpose of N.C.G.S. § 20-126(b) is to ensure the safety of motor vehicles and their drivers on North Carolina roads. This purpose would not lead an officer to believe that N.C.G.S. § 20-126(b) applies only to vehicles registered in North Carolina.
 

 3. Deputy Billings's traffic stop of the Defendant for violating N.C.G.S. § 20-126(b) was a reasonable mistake of law within the meaning of
 
 Heien v. North Carolina [
 
 --- U.S. ----],
 
 135 S.Ct. 530
 
 [
 
 190 L.Ed.2d 475
 
 ] (2014), and Deputy Billings had a reasonable suspicion that justified the traffic stop of the Defendant.
 

 On 3 August 2015, Defendant entered an
 
 Alford
 
 plea to trafficking in cocaine by transportation and trafficking in cocaine by possession but preserved his right to appeal the denial of his motion to suppress. The trial court sentenced Defendant to 35 to 51 months imprisonment. Defendant gave oral notice of appeal in open court.
 
 [1]
 

 Analysis
 

 Defendant's sole argument on appeal is that the trial court erred in concluding that Deputy Billings's decision to stop Defendant's vehicle was based on a reasonable mistake of law and therefore constituted sufficient grounds for the traffic stop. The State concedes error on this point, and we agree that the stop was unlawful.
 

 Our review of a trial court's denial of a motion to suppress is "strictly limited to determining whether the trial judge's underlying findings of fact are supported by competent evidence, in which event they are conclusively binding on appeal, and whether those factual findings in turn support the judge's ultimate conclusions of law."
 
 State v. Cooke
 
 ,
 
 306 N.C. 132
 
 , 134,
 
 291 S.E.2d 618
 
 , 619 (1982). "Where no exception is taken to a finding of fact by the trial court, the finding is presumed to be supported by competent evidence and is binding on appeal."
 
 State v. Miller
 
 , --- N.C.App. ----, ----,
 
 777 S.E.2d 337
 
 , 340 (2015) (citation and quotation marks omitted).
 

 *497
 
 "[A]n officer may, consistent with the Fourth Amendment, conduct a brief, investigatory stop when the officer has a reasonable, articulable suspicion that criminal activity is afoot."
 
 Illinois v. Wardlow
 
 ,
 
 528 U.S. 119
 
 , 123,
 
 120 S.Ct. 673
 
 , 675,
 
 145 L.Ed.2d 570
 
 , 576 (2000). "Reasonable suspicion is a less demanding standard than probable cause and requires a showing considerably less than preponderance of the evidence."
 
 State v. Barnard
 
 ,
 
 362 N.C. 244
 
 , 247,
 
 658 S.E.2d 643
 
 , 645 (citation and quotation marks omitted),
 
 cert. denied
 
 ,
 
 555 U.S. 914
 
 ,
 
 129 S.Ct. 264
 
 ,
 
 172 L.Ed.2d 198
 
 (2008). Investigatory traffic stops "must be based on specific and articulable facts, as well as the rational inferences from those facts, as viewed through the eyes of a reasonable, cautious officer, guided by his experience and training."
 
 State v. Watkins
 
 ,
 
 337 N.C. 437
 
 , 441,
 
 446 S.E.2d 67
 
 , 70 (1994). Our Supreme Court has held that "[a] court must consider the totality of the circumstances-the whole picture in determining whether a reasonable suspicion exists" to justify an officer's investigatory traffic stop.
 
 State v. Otto
 
 ,
 
 366 N.C. 134
 
 , 138,
 
 726 S.E.2d 824
 
 , 828 (2012) (citation and quotation marks omitted).
 

 Under North Carolina law,
 

 (b) It shall be unlawful for any person to operate upon the highways of this State any vehicle manufactured, assembled or first sold on or after January 1, 1966
 
 and registered in this State
 
 unless such vehicle is equipped with at least one outside mirror mounted on the driver's side of the vehicle. Mirrors herein required shall be of a type approved by the Commissioner.
 

 *743
 

 N.C. Gen. Stat. § 20-126
 
 (b) (2015) (emphasis added).
 

 The key question in this appeal is whether Deputy Billings's genuine-but mistaken-belief that
 
 N.C. Gen. Stat. § 20-126
 
 (b) applied to Defendant's vehicle provided reasonable suspicion for the traffic stop. Our resolution of this issue is controlled by the United States Supreme Court's decision in
 
 Heien v. North Carolina
 
 , --- U.S. ----,
 
 135 S.Ct. 530
 
 ,
 
 190 L.Ed.2d 475
 
 (2014). In
 
 Heien
 
 , a law enforcement officer stopped a vehicle because its left brake light was not working. The defendant, who was both a passenger in the vehicle and its owner, consented to a search of the vehicle. During the search, the officer found a sandwich bag containing cocaine in a duffel bag located inside the car, and the defendant was arrested. After being charged with attempted trafficking in cocaine, the defendant moved to suppress the evidence, contending that the traffic stop violated the Fourth Amendment. The defendant's motion was denied.
 

 Id.
 

 at ----,
 
 135 S.Ct. at 534-35
 
 ,
 
 190 L.Ed.2d at 480-81
 
 .
 

 *498
 
 On appeal, this Court held that the denial of the motion to suppress had been improper, ruling that the statute at issue merely required vehicles to have at least one working brake light, which the defendant's vehicle clearly did.
 

 Id.
 

 at ----,
 
 135 S.Ct. at 535
 
 ,
 
 190 L.Ed.2d at 481
 
 . Our Supreme Court reversed, concluding that even though having one faulty brake light was not a violation of the statute, the officer "could have reasonably, even if mistakenly, read the vehicle code to require that both brake lights be in good working order[.]"
 

 Id.
 

 at ----,
 
 135 S.Ct. at 535
 
 ,
 
 190 L.Ed.2d at 481
 
 .
 

 The United States Supreme Court upheld the validity of the traffic stop, holding that an officer's "mistake of law can ... give rise to the reasonable suspicion necessary to uphold [a] seizure under the Fourth Amendment."
 

 Id.
 

 at ----,
 
 135 S.Ct. at 534
 
 ,
 
 190 L.Ed.2d at 480
 
 . In so holding, the Supreme Court distinguished between reasonable and unreasonable mistakes of law, explaining that "[t]he Fourth Amendment tolerates only
 
 reasonable
 
 mistakes, and those mistakes-whether of fact or of law-must be
 
 objectively
 
 reasonable. We do not examine the subjective understanding of the particular officer involved."
 

 Id.
 

 at ----,
 
 135 S.Ct. at 540
 
 ,
 
 190 L.Ed.2d at 486
 
 .
 

 In analyzing the applicable North Carolina statute regulating brake lights, the Court had "little difficulty concluding that the officer's error of law was reasonable."
 

 Id.
 

 at ----,
 
 135 S.Ct. at 540
 
 ,
 
 190 L.Ed.2d at 486
 
 . The Court focused on the lack of clarity in the statutory text and noted the absence of prior caselaw from North Carolina courts interpreting this statutory provision.
 

 Id.
 

 at ----,
 
 135 S.Ct. at 540
 
 ,
 
 190 L.Ed.2d at 487
 
 . In its opinion, the Court stated the following regarding the ambiguity of the statute:
 

 Although the North Carolina statute at issue refers to "a stop lamp," suggesting the need for only a single working brake light, it also provides that "[t]he stop lamp may be incorporated into a unit with one or more
 
 other
 
 rear lamps."
 
 N.C. Gen. Stat. Ann. § 20-129
 
 (g) (emphasis added). The use of "other" suggests to the everyday reader of English that a "stop lamp" is a type of "rear lamp." And another subsection of the same provision requires that vehicles "have all originally equipped rear lamps or the equivalent in good working order," § 20-129(d), arguably indicating that if a vehicle has multiple "stop lamp[s]," all must be functional.
 

 Id.
 

 at ----,
 
 135 S.Ct. at 540
 
 ,
 
 190 L.Ed.2d at 486-87
 
 .
 

 *499
 
 The present appeal provides this Court with its first opportunity to apply
 
 Heien
 
 . We are guided in this endeavor by decisions from a number of courts in other jurisdictions that have interpreted
 
 Heien
 
 in analogous contexts. These cases establish that in order for an officer's mistake of law while enforcing a statute to be objectively reasonable, the statute at issue must be ambiguous.
 
 See, e.g.
 
 ,
 
 United States v. Stanbridge
 
 ,
 
 813 F.3d 1032
 
 , 1037 (7th Cir. 2016) ("The statute isn't ambiguous, and
 
 Heien
 
 does not support the proposition that a police officer acts in an objectively reasonable manner by misinterpreting an
 
 unambiguous
 
 statute.");
 
 Northrup v. City of Toledo Police Dep't
 
 ,
 
 785 F.3d 1128
 
 , 1132 (6th Cir. 2015) ("If it is appropriate to presume that citizens know the parameters
 
 *744
 
 of the criminal laws, it is surely appropriate to expect the same of law enforcement officers-at least with regard to unambiguous statutes." (citation omitted));
 
 Flint v. City of Milwaukee
 
 ,
 
 91 F.Supp.3d 1032
 
 , 1057 (E.D. Wis. 2015) ("There also appears, in this Court's view, to be a condition precedent to even asserting that a mistake of law is reasonable. That is, as stated by Justice Kagan in her concurrence, that the statute be genuinely ambiguous, such that overturning the officer's judgment requires hard interpretive work." (citation and quotation marks omitted)).
 

 Moreover, some courts applying
 
 Heien
 
 have further required that there be an absence of settled caselaw interpreting the statute at issue in order for the officer's mistake of law to be deemed objectively reasonable.
 
 See, e.g.
 
 ,
 
 United States v. Alvarado-Zarza
 
 ,
 
 782 F.3d 246
 
 , 250 (5th Cir. 2015) (where statute required use of turn signal in advance of making a turn and prior caselaw interpreting the statute distinguished between turns and lane changes, officer's stop of defendant's vehicle for failing to signal before changing lanes-as opposed to turning-was not objectively reasonable mistake of law under
 
 Heien
 
 );
 
 United States v. Sanders
 
 ,
 
 95 F.Supp.3d 1274
 
 , 1284-86 (D. Nev. 2015) (although statute proscribing obstruction of rear view mirror was ambiguous, prior caselaw had interpreted virtually identical statute such that officer's stop of defendant's vehicle for obstructing rear view mirror was therefore not objectively reasonable mistake of law);
 
 People v. Gaytan
 
 ,
 
 392 Ill.Dec. 333
 
 ,
 
 32 N.E.3d 641
 
 , 650-53 (2015) (where statute prohibiting certain materials from being attached to license plate was ambiguous and "no prior appellate case had addressed the scope of [the statute] with respect to trailer hitches[,]" officer's mistake of law was objectively reasonable).
 

 Unlike the statutory language at issue in
 
 Heien
 
 , the text of
 
 N.C. Gen. Stat. § 20-126
 
 (b) is clear and unambiguous. The phrase "registered in this State" as used in this statutory provision is susceptible to only one
 
 *500
 
 meaning-that is, the vehicle must be registered in North Carolina in order for the requirements of
 
 N.C. Gen. Stat. § 20-126
 
 (b) to apply. Thus, a reasonable officer reading this statute would understand the requirement that a vehicle be equipped with a driver's side exterior mirror does not apply to vehicles that-like Defendant's vehicle-are registered in another state.
 

 Because we conclude that Deputy Billings's mistake of law was not objectively reasonable under the standard set out in
 
 Heien
 
 , no reasonable suspicion existed to support the stop of Defendant's vehicle. Therefore, the trial court erred in denying Defendant's motion to suppress.
 
 See
 

 State v. Cottrell
 
 ,
 
 234 N.C.App. 736
 
 , 752,
 
 760 S.E.2d 274
 
 , 285 (2014) (reversing trial court's order denying motion to suppress and remanding for order vacating defendant's guilty plea).
 

 Conclusion
 

 For the reasons stated above, the trial court erred in denying Defendant's motion to suppress. Accordingly, we reverse the trial court's 5 June 2015 order and remand for entry of an order vacating Defendant's guilty plea.
 

 REVERSED AND REMANDED.
 

 Judges CALABRIA and TYSON concur.
 

 [1]
 

 Defendant has filed a petition for
 
 certiorari
 
 asking this Court to consider his appeal despite any "technical defect" in his notice of appeal. However, because it appears from the record that Defendant's notice of appeal was properly given, we deny the petition for
 
 certiorari
 
 as moot.